UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                         Case No. 23-40908

SHEFA, LLC,                                       Chapter 7

          Debtor.                                Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE DEBTOR'S MOTION
FOR RECONSIDERATION**

This case is before the Court on the Debtor's motion entitled "Motion for Reconsideration of this Court's April 3, 2023 Order Granting the City of Southfield's Motion to Convert this Case to Chapter 7 [Docket No. 40]," filed on April 17, 2023 (Docket # 51, the "Motion"). The Court construes the Motion as seeking reconsideration of, and relief from, the Court's April 3, 2023 Order converting this case from Chapter 11 to Chapter 7 (Docket # 40, the "Conversion Order"). The Court will deny the Motion, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.). The Court's decision to convert this case to Chapter 7 was correct, and was not an abuse of discretion, based on the reasons stated in the Court's April 3, 2023 written opinion (Docket # 39, the "Conversion Opinion").[1] The Court's decision does not suffer from any "palpable defect."[2]

Second, the Court finds that the allegations and arguments in the Motion do not establish

---

[1] The Court's Conversion Opinion is published at __ B.R. __, 2023 WL 2761992.

[2] A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Fieger & Fieger P.C. v. Nathan* (*In re Romanzi*), No. 16-13986, 2017 WL 1130091, at *2 (E.D. Mich. March 27, 2017) (citations omitted).

any valid ground for relief from the Conversion Order, under Fed. R. Civ. P. 60(b), applicable under Fed. R. Bankr. P. 9024; or under Fed. R. Civ. P. 59(e), applicable under Fed. R. Bankr. P. 9023; or otherwise.

Third, if and to the extent the Motion seeks relief based on Civil Rule 60(b)(6), it is without merit. Under that rule, relief is appropriate "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *In re Cassidy*, 273 B.R. 531, 537 (Bankr. N.D. Ohio 2002) (citing *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). The Motion in this case does not present such "exceptional or extraordinary circumstances."

Fourth, the Motion does not meets the requirements for relief under Fed. R. Civ. P. 59(e). "[A] motion to alter or amend judgment may be granted only: '(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F.App'x 473, 476 (6th Cir. 2014) (citing *CGH Transp. Inc. v. Quebecor World, Inc.*, 261 Fed.Appx. 817, 823 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999))). None of these requirements is met here. The Motion presents some new evidence, as discussed below, but none of the new evidence presented with the Motion is "newly discovered" evidence.

Fifth, in part, the Motion merely reargues issues that the Debtor argued before the Conversion Oder was entered. To that extent and for that reason, the Motion must be denied. This Court's local rule 9024-1(a)(3) states:

> Generally, and without restricting the discretion of the court, **a**

> **motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted.** The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

L.B.R. 9024-1(a)(3) (E.D. Mich.) (emphasis added). *See also Fieger & Fieger P.C. v. Nathan*, 2017 WL 1130091, at *1. As the United States Court of Appeals for the Sixth Circuit has held, "reconsideration motions cannot be used as an opportunity to re-argue a case." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

Sixth, in part, the Motion makes arguments and presents evidence that the Debtor did not make before the Court entered its Conversion Order. Such arguments and evidence cannot be made for the first time in a motion for reconsideration, only after the Court has made its ruling. The Debtor waived such new arguments and waived its right to present such new evidence, by failing to present them before the Court made its decision to convert this case to Chapter 7. *See In re Madison Heights Group, LLC*, 506 B.R. 734, 736 (Bankr. E.D. Mich. 2014); *see also Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 947 (6th Cir.2007) (citing with approval, and applying, *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir.1994) for the proposition that "objections raised for the first time in a reconsideration motion are deemed to have been waived"); *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir.2012) (citations omitted) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.").[3] In a motion for reconsideration, a party may not "raise

---

[3] The Sixth Circuit noted in the *Evanston Ins. Co.* case that this waiver rule can be overlooked "'in exceptional cases ... or when the rule would produce a plain miscarriage of justice.'" *See id.* (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir.2008)); *see also Wiley*, 20 F.3d at 226 (citations omitted) ("[W]e will review such objections [i.e., objections, to a party's materials submitted in

3

new legal arguments that could have been raised before a judgment was issued[,]" or "introduce evidence for the first time ... where the evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x at 476; *see also Fieger & Fieger, P.C. v. Nathan*, 2017 WL 1130091, at *2 ("'[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not.'") (citations omitted).

Seventh, the Court will further respond to certain arguments made in the Debtor's Motion, as follows.

1. The Motion argues that in making its conversion decision, the Court "determined disputed factual matters without the benefit of an evidentiary hearing." (Motion at pdf p. 1). This argument is without merit. First, and as the Court's Conversion Opinion shows, the Court did not rely on any *disputed* facts in reaching the conclusions that the Debtor filed this case under Chapter 11 in bad faith and that the case should be converted to Chapter 7. Rather, the Court relied on undisputed history and undisputed facts that were shown and established: (1) by the Court's own record in this case and in the Debtor's prior Chapter 11 case; and (2) by the voluminous exhibits filed by the parties; and (3) by statements made by the Debtor's counsel during the March 22, 2023 oral argument.

2. The allegedly "disputed factual matters" that the Debtor cites in the Motion do not

---

support of a summary judgment motion, that were made for the first time in a motion for reconsideration] only to avoid a gross miscarriage of justice.").

The Court concludes that in this case the normal waiver rule should be applied, because doing so does not produce a "plain" or "gross" miscarriage of justice; nor is this an "exceptional case" for overlooking the normal waiver rule.

include any facts or evidence that would have made any difference in the Court's decision to convert this case to Chapter 7. Rather, the Court's consideration of the circumstances, including the eight *Trident Associates* factors that the Court was required to consider in determining whether the Debtor filed this case under Chapter 11 in bad faith, would have yielded the same conclusions and result.

3. For the reason stated above, even if the new evidence presented by the Debtor with the Motion could make any difference in the Court's conversion decision (which it could not), the Court must disregard such new evidence.[4]

4. Even if the Court could consider the new evidence that the Debtor hired Metro Protective Services to provide security for the Debtor's Property, such evidence shows that Metro Protective Services was only hired beginning March 1, 2023.[5] That is more than a month after the Debtor filed its Chapter 11 bankruptcy petition, and almost three weeks after the City of Southfield filed its motion to convert on February 9, 2023 (Docket # 13). If anything, the Debtor's having delaying that long after filing its Chapter 11 petition to hire Metro Protective Services shows poor stewardship by the Debtor, as debtor-in -possession, of the bankruptcy estate's Property.

5. In his new Declaration, Mr. Elhadad complains that over the years after he first invested in the Property in 2009, he "was portrayed as a liar and a thief," apparently by the City

---

[4] The new evidence is attached to the Motion, and is contained in the new declarations of Sidney Elhadad, Sam Senawi, and Yolanda Roby, and the new YouTube video dated April 14, 2023, cited in paragraph 3 of the Elhadad declaration.

[5] *See* Declaration of Yolanda Roby at ¶¶ 5, 6 (Docket # 51 at pdf p. 13-14); Declaration of Sam Senawi at ¶ 3 (Docket # 51 at pdf p. 11).

of Southfield.[6]

In its Conversion Opinion, this Court did not find Mr. Elhadad to be a "liar" or a "thief," nor did the Court even find that Mr. Elhadad personally engaged in bad faith when he secretly made his undisclosed agreement with Mr. Gong in December 2015 to sell the Debtor's Property, while the Debtor's prior Chapter 11 case was pending. Rather, from the undisputed facts cited by the Court, the Court found that Mr. Elhadad caused the Debtor to "engage[] in improper conduct," which is Factor no. 2 of the *Trident Associates* bad faith factors. *See* Conversion Opinion at 18. The Court found that Mr. Elhadad caused the Debtor to commit disclosure violations with respect to the agreement with Mr. Gong. For example, the Court found that the Debtor should have disclosed the offer and agreement with Mr. Gong in the disclosure statement the Debtor filed on December 7, 2015, as part of the Debtor's amended plan and disclosure statement filed that day. *See* Conversion Opinion at 14. But the Debtor did not do that, and Mr. Elhadad did not even tell the Debtor's own bankruptcy attorney about this offer and agreement, or about the fact that the Debtor received a cash deposit of $500,000.00 Canadian from Mr. Gong.

In addition to finding "improper conduct" by the Debtor, the Court also found that Mr. Elhadad is not "suitable" to manage the Debtor as a debtor-in-possession in Chapter 11. *See id.* at 12, 18. Not disclosing the Debtor's deal with Mr. Gong, in which Gong paid a $500,000.00 Canadian cash deposit, was an instance where the Debtor's manager Mr. Elhadad went off on his own without regard to the Debtor's duties under the Bankruptcy Code. That showed that Mr. Elhadad is not suitable to manage the Debtor as a Chapter 11 debtor-in-possession.

---

[6] *See* Declaration of Sidney Elhadad at ¶ 7 (Docket # 51 at pdf p. 7).

For all of these reasons, the Court will enter an Order denying the Debtor's Motion.

**Signed on April 20, 2023**  /s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**

7