UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Case No. 23-40908

SHEFA, LLC,                                                           Chapter 7

    Debtor.                                                           Judge Thomas J. Tucker
_____/

**OPINION REGARDING CREDITOR SAADIA ELHADAD'S OBJECTION TO PROOF OF CLAIM NO. 2 FILED BY THE CITY OF SOUTHFIELD**

## I. Introduction

This case came before the Court for hearings on September 18, 2024 and November 13, 2024, on the objection to claim filed by the creditor Saadia Elhadad (the "Creditor"), entitled "Objection to Proof of Claim 2 of City of Southfield, Michigan" (Docket # 128, the "Claim Objection"). The Creditor objects to certain attorney fees that are included in the proof of claim filed by the City of Southfield (the "City"). Counsel for the Creditor and counsel for the City appeared at both hearings on the Claim Objection. Counsel for the Chapter 7 Trustee also appeared at the November 13, 2024 hearing. At the end of that hearing, the Court took the Claim Objection under advisement.

The Court has considered all of the papers filed by the Creditor and the City regarding the Claim Objection, and has considered other relevant parts of the record in this bankruptcy case and the prior bankruptcy case filed by the Debtor, Shefa LLC ("Shefa"), Case No. 14-42812. For the following reasons, the Court will sustain the Claim Objection in part, and overrule it in part.

## II. Background and discussion

### A. Shefa's fee obligations under the 2016 mortgage

As detailed in the City's proof of claim (Claim No. 2-1 in the Court's Claims Register for

this case), the City's claim includes, but is not limited to, an amount of $337,320.06 in attorney fees and expenses that the City says Shefa agreed to pay. The agreement is found in the mortgage that Shefa executed and delivered to the City, which is dated March 25, 2016 and which was recorded on March 29, 2016 (the "Mortgage").[1] The Mortgage was given by Shefa as part of implementing the Chapter 11 plan that was confirmed in Shefa's previous bankruptcy case, Case No. 14-42812. The plan was confirmed by an agreed confirmation order entered on February 19, 2016 (the "Confirmation Order").[2]

The Confirmation Order and the Mortgage each have many terms. Of relevance here are certain terms in the Mortgage. The Mortgage gave the City a mortgage on Shefa's real property located at 16400 J.L. Hudson Drive, Southfield, Michigan (the "Shefa Property"), which is the site of a former hotel building that has been vacant for many years. The Mortgage secures Shefa's performance of a number of obligations, including obligations to reimburse the City for certain attorney fees and related expenses.

Shefa's obligation to pay such attorney fees and expenses was created by the terms of the Mortgage itself. First, in paragraph 4, the Mortgage requires Shefa to "promptly pay and perform all Liabilities for which it is liable or obligated," and the definition of such "Liabilities," in paragraph 1(f), includes the requirement that Shefa pay to the City the following:

> **all** interest, costs, **expenses and reasonable attorney fees which may be made or incurred by the [City]** in the disbursement, administration or collection of [Shefa's other liabilities and obligations described in paragraph 1(f)] and **in the protection,**

---

[1] A copy of the Mortgage is attached as Exhibit 1 to the City's response to the Claim Objection, filed September 5, 2024 (Docket # 135-1).

[2] The confirmation order is filed at Docket # 172 in Case No. 14-42812.

> **maintenance and liquidation of the Property** and the performance of the covenants and conditions of this Mortgage, . . .[3]

Second, paragraph 20 states:

> [Shefa] shall pay the [City] a reasonable attorney's fee in addition to all other legal costs in case the [City] shall become a party, either as plaintiff or defendant, to any legal proceedings in relation to the Property or the lien created hereby, which sums shall be secured hereby and shall be payable forthwith at the highest rate applicable to the Liabilities.[4]

**B. Brief background of litigation history between the City and Shefa**

There have been many disputes and much litigation between the City and Shefa regarding the Property, spanning many years. This is described in some detail in two prior opinions of this Court, and those descriptions are incorporated by reference into this Opinion, for background purposes. *See In re Shefa, LLC*, 649 B.R. 510, 511-14 (Bankr. E.D. Mich. 2023); *In re Shefa, LLC*, 579 B.R. 438 (Bankr. E.D. Mich. 2017), *aff'd.*, No. 18-10073, 2019 WL 911692 (E.D. Mich. Feb. 25, 2019). The cases have included two bankruptcy cases filed by Shefa, Case Nos. 14-42812 and 23-40908 (this case), as well as lawsuits in the state courts and in the United States District Court, listed later in this Opinion.

**C. Initial discussion of the attorney fee portion of the City's proof of claim**

The attorney fee portion of the City's claim consists of attorney fees and expenses the City paid to the law firm Plunkett Cooney, as of February 9, 2023, in the total amount of $259,623.27, plus attorney fees and expenses the City paid to the law firm Seward Henderson

---

[3] Mortgage (Docket # 135-1) at ¶ 1(f) (emphasis added).

[4] *Id.* at ¶ 20.

PLLC ("Seward Henderson"), as of May 25, 2023, in the total amount of $77,696.79.[5] No supporting fee invoices were attached to the City's proof of claim.

After the first hearing on the Claim Objection, the Court required the City to file, under seal, and serve on the attorneys for the Creditor, the Chapter 7 Trustee, and the United States Trustee, unredacted copies of the monthly fee invoices to the City from the Plunkett Cooney and Seward Henderson firms.[6] After the City did that, the Creditor filed a response objecting to many time entries in the fee invoices, and the City filed a reply.

In the next section of this Opinion, the Court will discuss the Creditor's Claim Objection arguments. Initially, however, the Court will make two reductions in the City's claim. The need for these reductions became apparent when the Court reviewed the unredacted invoices filed by the City.

First, the Court has added up the total fee and expense amounts in the unredacted monthly invoices filed by the City, and finds that those totals are slightly different from the total amounts stated in the City's proof of claim. The Plunkett Cooney invoices cover the months of February 2016 through January 2023, and they actually total $249,895.00 in fees and $3,334.66 in expenses, for a total of $253,229.66. The Seward Henderson invoices cover the months of May 2020 through April 2024, and they actually total $76,704.50 in fees and $1,809.29 in expenses, for a total of $78,513.79. Thus, the fees and expenses of the two firms total $331,743.45. This is $5,576.61 lower than the $337,320.06 total that is in the City's proof of claim.

For these reasons, the Court will reduce the allowed amount of the attorney fee portion of

---

[5] *See* Addendum to Claim No. 2-1 in the Claims Register for this case.

[6] *See* Order Regarding Further Proceedings [etc]. (Docket # 137) at ¶ 1.

the City's claim by $5,576.61.

A second reduction in the City's claim is necessary, because of an instance of erroneous duplication the Court noticed in two of Plunkett Cooney's invoices. In its invoice dated April 3, 2018, Plunkett Cooney billed the City for a total of 6.40 hours of attorney time, based on itemized time entries during the month of March 2018, for total fees of $2,182.50, and no expenses. But then later, in an invoice dated May 31, 2018, Plunkett Cooney billed the City again based on itemized time entries during the month of March 2018, this time for a total of 3.50 hours of attorney time, for total fees of $1,225.00, plus expenses of $24.90. But every one of the time entries in the May 31, 2018 invoice was identical to the same time entries that were included in the April 3, 2018 invoice. So it is obvious that all of the attorney fees billed in the May 31, 2018 invoice had already been billed, and represent erroneous duplication.

During the November 13, 2024 hearing, the Court raised this instance of erroneous duplication with the City's counsel, who is a partner in the Plunkett Cooney firm. He could not explain how this was anything but erroneous duplication.

For these reasons, the Court will further reduce the allowed amount of the attorney fee portion of the City's claim, by $1,225.00.

**D. Discussion of the Creditor's Claim Objection arguments**

Next, the Court will address the Creditor's specific objection arguments. All of these arguments concern attorney fees. The Creditor has not objected to any of the attorney expenses that are part of the City's claim.

**First**, the Creditor objects to the Plunkett Cooney fees for attorney time shown on the invoice dated March 8, 2016, covering time spent and work done in February 2016 totaling 16.10

5

hours, for fees totaling $5,640.00. The Creditor argues that Shefa has no obligation to reimburse the City for these fees, because they were incurred before the Mortgage was executed and delivered. The Mortgage is the only agreement that created any obligation by Shefa to reimburse the City for any attorney fees,[7] and it is undisputed that the Mortgage was not executed until March 24, 2016.[8] As noted above, on its first page, the Mortgage is dated March 25, 2016, and it was recorded on March 29, 2016. The Creditor argues that Shefa's obligations under the Mortgage to reimburse the City for attorney fees does not cover the February 2016 attorney fees incurred by the City before the Mortgage was executed.[9]

The City has not made any persuasive response to this argument, either in writing or orally during the November 13, 2024 hearing. The Court agrees with this argument by the Creditor. The language in the Mortgage requiring Shefa to pay the City's attorney fees and expenses does not cover fees and expenses incurred by the City before the Mortgage was executed on March 24, 2016. (If it did, it could be read to cover the City's attorney fees and expenses incurred beginning with the filing by Shefa of its Chapter 11 bankruptcy case on February 25, 2014, or even before that time. This clearly is not what Shefa and the City intended by the attorney fee language in the Mortgage.)

For these reasons, the Court will further reduce the allowed amount of the attorney fee portion of the City's claim, by $5,640.00.

---

[7] Neither Shefa's confirmed plan, nor the Confirmation Order entered on February 19, 2016, created any such obligation. The City's counsel conceded this during the November 13, 2024 hearing.

[8] *See* Mortgage (Docket # 135-1) at pdf p. 18.

[9] The Creditor has not made this precise argument about any portion of the March 2016 attorney fees incurred by the City before March 24, 2016.

6

**Second**, in ¶ 3 of his response filed on October 8, 2024 (the "Creditor Arguments"),[10] the Creditor lists numerous specific attorney time entries in the Plunkett Cooney invoices, which the Creditor argues should be disallowed because they are not "related to the Mortgage."[11] During the November 13, 2024 hearing, the Creditor's counsel clarified that by this, the Creditor means to say that these time entries are not for attorney work that is covered by Shefa's fee obligations under the Mortgage.

The Court has reviewed all of the Plunkett Cooney unredacted invoices. With a few minor exceptions, listed below, the Court disagrees with this argument by the Creditor, and instead finds that all of the Plunkett Cooney attorney time entries are for work done by attorneys for the City that fall within the broad descriptions in the Mortgage of fees for which Shefa must reimburse the City. As discussed in Part II.A of this Opinion, above, such fees include all fees incurred by the City "in the protection, maintenance and liquidation of the Property" and all fees incurred by the City in any case in which "the [City] shall become a party, either as plaintiff or defendant, to any legal proceedings in relation to the Property."[12] The first page of each of the Plunkett Cooney invoices lists the "Opposing Party" as "Shefa, LLC," and all of the Plunkett Cooney attorney time entries listed by the Creditor in ¶ 3 of the Creditor Arguments easily fall within the scope of Shefa's attorney fee obligation in the Mortgage, quoted above, with the exception only of some time entries for work done in March 2016. The Creditor has not presented any basis to find otherwise. The Court therefore rejects this argument in the Creditor

---

[10] "Response [of] Creditor [to] Unredacted Invoices" (Docket # 140).

[11] *See id.* at pdf pp. 1-16, ¶ 3.

[12] Mortgage (Docket # 135-1) at ¶¶ 1(f), 20.

Arguments, with the following exception.

The exception is for the March 2016 time entries that the Creditor has specified, for work done before the March 24, 2016 date on which Shefa executed the Mortgage. These are eight time entries with dates ranging from March 17, 2016 to March 21, 2016, and they represent attorney fees totaling $615.00.[13] These fees will be disallowed, so the Court will further reduce the allowed amount of the attorney fee portion of the City's claim, by $615.00.

**Third**, in ¶ 4 of the Creditor Arguments filed on October 8, 2024, the Creditor lists numerous specific attorney time entries in the Plunkett Cooney invoices, which the Creditor argues should be disallowed because they represent an "excessive" amount of time spent by one or more of the attorneys on particular given tasks.[14] But the Creditor does not support this argument with anything more than a general assertion that in these instances, the attorney time seems too high for the tasks that were done.

Some of the time entries that the Creditor says are excessive are for work done by Plunkett Cooney attorneys relating to specific litigation between the City and Shefa. The litigation includes the following:

- two post-confirmation motions filed by the City in Shefa's first bankruptcy case:
    - the City's motion to compel Shefa to comply with the confirmation order, filed March 16, 2016 (Docket # 176 in Case No. 14-42812);

---

[13] *See* Creditor Arguments (Docket # 140) at pdf pp. 1-2, ¶ 3. These eight entries total 1.2 hours of time billed by attorney Douglas Bernstein at the rate of $350.00 per hour ($420.00), and one time entry of .60 hours of time billed by attorney Patrick Lannen at the rate of $325.00 per hour ($195.00), for total fees of $615.00.

[14] *See* Creditor Arguments (Docket # 140) at pdf pp. 16-21, ¶ 4. This argument also says that there was duplication of time, but during the November 13, 2024 hearing, the Creditor's counsel made clear that this was simply another way of saying that the time spent on particular task(s) was excessive.

8

- the City's motion "to compel consummation of" the confirmed plan, filed October 20, 2017 (Docket # 215 in Case No. 14-42812);

- a nuisance-abatement lawsuit filed by the City in 2020 in Michigan's 46th District Court, which led to entry of a consent judgment on January 21, 2021 and later civil contempt proceedings;[15]

- an action seeking, among other things, the appointment of a receiver, *City of Southfield, Michigan v. Shefa, LLC*, Case No. 2019-175286 (Oakland County, Michigan Circuit Court); and

- a successful appeal by the City from a dismissal of the Oakland County Circuit Court case cited above.

The Court is very familiar with the litigation that has occurred in Shefa's two bankruptcy cases, listed above. The Court also has reviewed the key documents filed in the Oakland County Circuit Court case,[16] as well as the published decision of the Michigan Court of Appeals.[17] And the Court has reviewed all the Plunkett Cooney time entries that the Creditor says are excessive. The Court finds that none of the Plunkett Cooney time entries at issue show attorney time that was excessive for the task(s) described in the time entries, and none of the tasks performed were unreasonable. The Creditor's vague and general argument to the contrary is not persuasive.

**Fourth**, and also in ¶ 4 of the Creditor Arguments filed on October 8, 2024, the Creditor lists numerous specific attorney time entries in the Seward Henderson invoices, which the Creditor argues should be disallowed because "they are not a matter related to the mortgage,

---

[15] This case is described in one of this Court's previous opinions. *See In re Shefa, LLC*, 649 B.R. at 514.

[16] The Court required the City to file a copy of many of the key papers filed in the Oakland County Circuit Court case, and the Court has reviewed those papers. (*See* Docket ## 145, 146).

[17] *Southfield v. Shefa*, LLC, 986 N.W.2d 607 (Mich. Ct. App. 2022), *appeal denied*, 975 N.W.2d 458 (Mich. 2022).

excessive or duplicates."[18]  The Court finds this argument unpersuasive as well.

The Seward Henderson firm successfully defended the City against a 15-count complaint filed jointly by Shefa and the Creditor against the City and several other defendants, in the United States District Court for the Eastern District of Michigan, captioned *Shefa, LLC, et al. v. City of Southfield, et al.*, Case No. 2:20-cv-11038.  The Court has reviewed the key documents that were filed in that case (all of which are available online).  And having reviewed all of the Seward Henderson invoices, including the specific attorney time entries objected to by the Creditor, the Court finds that (1) all of the resulting attorney fees are of the type covered by the Mortgage provisions requiring Shefa to reimburse the City for attorney fees; (2) none of the time entries show attorney time that was excessive for the task(s) described in the time entries, or show any tasks performed were unreasonable.  The Creditor's general assertions otherwise are unpersuasive.

**E.  Conclusions regarding the Creditor's Claim Objection**

For the reasons stated in this Opinion, the Court will enter an Order sustaining the Creditor's Claim Objection in part and overruling it in part.  The attorney fee/expense portion of the City's proof of claim will be allowed in an amount that reflects the reductions described in Parts II.C and II.D of this Opinion, which reductions total $13,056.61.  Thus, the attorney fee/expense portion of the City's proof of claim will be allowed in the reduced amount of $324,263.45.

This reduced amount of attorney fees and expenses is reasonable, in that it reflects expenses that are reasonable, and it reflects a reasonable amount of attorney time for work that

---

[18] *See* Creditor Arguments (Docket # 140) at pdf pp. 22-24, ¶ 4.

was reasonably done, billed at reasonable hourly rates. And this reduced fee and expense amount represents fees and expenses that Shefa was obligated to pay the City under the Mortgage.

**Signed on November 21, 2024**            /s/ Thomas J. Tucker
                                                                 **Thomas J. Tucker**
                                                                 **United States Bankruptcy Judge**

11

23-40908-tjt    Doc 148    Filed 11/21/24    Entered 11/21/24 10:41:57    Page 11 of 11